UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: TRACEY ANN and EDWARD LEE BEAN, DEBTORS

CASE NO. 09-15419-DWH

TERRE M. VARDAMAN, IN HER OFFICIAL
CAPACITY AS TRUSTEE                                        PLAINTIFF

VERSUS                                             ADV. PROC. NO. 09-1205-DWH

OCWEN LOAN SERVICING, LLC                                  DEFENDANT

## OPINION

On consideration before the court is a motion for summary judgment filed by the defendant, Ocwen Loan Servicing, LLC, ("Ocwen"), in response to the above captioned complaint filed by the plaintiff, Terre M. Vardaman, in her official capacity as Trustee, ("Trustee"), for the bankruptcy estate of Tracey Ann and Edward Lee Bean, ("debtors"); a response to said motion having been filed by the Trustee; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core adversary proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

On July 30, 2003, the debtors initially filed a voluntary petition under Chapter 13 of the Bankruptcy Code which was assigned case number 03-14813. Their plan was confirmed on

April 12, 2004. Ocwen timely filed a proof of claim in this case and was paid pre-petition arrearages and continuing monthly mortgage payments through the plan. On December 29, 2008, the trustee filed a motion, ("§1322(b)(5) motion"), seeking a determination that Ocwen's claim was current and that all defaults were cured as of October 31, 2008. Ocwen filed no response, and the motion was granted on January 26, 2009. The debtors received their discharge on January 12, 2009.

The debtors filed their current Chapter 13 case, which was assigned case number 09-15419, on October 19, 2009. Shortly thereafter, Ocwen filed a proof of claim in the total sum of $77,496.16, including arrearages totaling $16,321.56. The arrearages included escrow advances of $8,531.82; fees, costs, and property preservation expenses of $4,613.94, (These charges were itemized on Exhibit C, appended to the proof of claim.); six missed monthly principal and interest payments totaling $3,291.96; late charges of $87.80; and a credit of $203.96 related to a miscellaneous suspense entry.

Ocwen filed an amended proof of claim on December 15, 2010, in the total sum of $75,908.00, including arrearages totaling $14,657.43. The amended proof of claim is somewhat similar to the original claim. The escrow advances ($8,531.96), the late charges ($87.80), and the miscellaneous suspense credit (-$203.96) are practically identical. The six missed monthly principal and interest payments were reduced slightly ($3,291.96 to $3,215.99), but the designation of the months in which the payments were missed is significantly different. The fees, costs, and property preservation expenses were also reduced ($4,613.94 to $3,025.64), but more substantially. The propriety of the assessment of these charges and the dates that the charges were accrued are extremely important issues which are obviously in dispute.

The Trustee filed her complaint on November 20, 2009, asserting that Ocwen was impermissibly seeking to collect unauthorized charges that were addressed by the §1322(b)(5) motion filed in the debtors' earlier bankruptcy case, and the related order which determined that Ocwen's debt was current and that all defaults were cured. The Trustee also asserts that most of the assessed charges were previously discharged. As a result, the Trustee contends that Ocwen is in violation of the aforesaid §1322(b)(5) order, as well as, §506 of the Bankruptcy Code and Rule 2016(c), Federal Rules of Bankruptcy Procedure. She has objected to Ocwen's proof of claim and has requested that it be disallowed. She also has sought contempt sanctions for Ocwen's misconduct.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if

3

"there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

This court is of the opinion that this adversary proceeding has numerous material factual issues remaining in dispute. The methodology employed by Ocwen in calculating the charges assessed to the debtors' account, Ocwen's application of the debtors' plan payments to their account, the propriety of the charges, and the dates the charges actually accrued must be developed through an evidentiary hearing. As a result, the court concludes that Ocwen's motion for summary judgment is not well taken.

A separate order will be entered consistent with this opinion.

This the 7th day of February, 2011.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE